## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CR-20-266-D |
| VICTORIANO GARCIA-CARDOZA, | ) | (CIV-23-846-D) |
| a/k/a Erik Parra, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Victoriano Garcia-Cardoza's Motion to Vacate Under 28 U.S.C. § 2255 and Brief in Support [Doc. Nos. 90, 91]. The Government filed a response [Doc. No. 95]. The matter is fully briefed and at issue.

## BACKGROUND

On October 7, 2020, a grand jury returned a four-count Indictment [Doc. No. 1] against Defendant and his co-defendant, Manuel Gonzalez Martinez. Defendant was charged with possession of methamphetamine with intent to distribute (Count 2), in violation of 21 U.S.C. § 841(a)(1), and alien in possession of a firearm (Count 4), in violation of 18 U.S.C. § 922(g)(5)(A). dc.

Defendant entered into a plea agreement with the Government [Doc. Nos. 64, 66], in which he agreed to enter a plea of guilty as to Count 2 of the Indictment in exchange for the Government's dismissal of Count 4 at sentencing. On June 3, 2021, Defendant entered a plea of guilty as to Count 2 [Doc. No. 63]. In Defendant's Petition to Enter Plea of Guilty [Doc. No. 65] and again at his change of plea hearing, Defendant represented to the Court that he

had been properly counseled by his attorney and was satisfied with the services his attorney had provided [Doc. No. 65, at 2; Doc. No. 93, Change of Plea Hearing Tr., at 14:2-8].

Defendant filed objections to the initial pre-sentence report [Doc. No. 71] on November 1, 2021 [Doc. No. 74]. Defendant objected to the drug amount for which he would be held accountable, and further argued that the firearm used for the application of the USSG §2D1.1(b)(1) enhancement was owned by a family member and was not found in connection with the methamphetamine [Doc. No. 74, at 1]. Further, Defendant requested that the Court deviate from the sentencing guidelines based on certain mitigating factors and Defendant's minimal prior criminal history [Doc. No. 74, at 2].

On September 22, 2022, the Court sentenced Defendant to a term of 180 months of imprisonment and five years of supervised release [Doc. No. 88]. The Court acknowledged the parties' stipulation as stated in the plea agreement that Defendant's relevant conduct included at least 500 grams, but less than 1,500 grams, of actual methamphetamine, "along with the possession of the .22 caliber pistol referenced herein." [Doc. No. 64, at 7; Doc. No. 94, Sentencing Hearing Tr., at 12:7 – 13:23]. For both the drug quantity and firearm possession issues, the Court found that the pre-sentence report was correct as written, notwithstanding the parties' stipulations. *Id.* at 12:7-12; *Id.* at 12:23 – 13:7 ("Here the Court agrees with and adopts the response of the report writer and particularly notes that the firearm was in close proximity to drugs that were prepared for distribution. … So even without considering the stipulation, I believe the Application Note 11(a) of [USSG §] 2D1.1 supports the report writer's conclusion and the enhancement.").

2

On September 22, 2023, Defendant filed the present Motion to Vacate Under 28 U.S.C. § 2255 and Brief in Support [Doc. Nos. 90, 91], arguing ineffective assistance of counsel on the following grounds: 1) counsel's failure to argue against the two-level enhancement under USSG §2D1.1(b)(12) (enhancement for maintaining a premises for the purposes of manufacturing or distributing a controlled substance); 2) counsel's failure to argue against the two-level enhancement under USSG §2D1.1(b)(1) (enhancement for possession of a firearm); 3) counsel's failure to file timely objections to the pre-sentence report; and 4) that counsel's deficient performance prejudiced Defendant, citing *Strickland v. Washington*, 466 U.S. 668 (1984) [Doc. No. 91, at 4]. Based on these allegations, Defendant seeks an evidentiary hearing and requests that the Court vacate his sentence.

## DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant is entitled to an evidentiary hearing on his claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## I.    Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Defendant must demonstrate both that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). "An insufficient showing on either element is fatal to an ineffective-assistance claim, rendering consideration of the

3

other element unnecessary." *Duckworth*, 824 F.3d at 1249. In assessing the performance prong of an ineffective assistance claim, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 669. To prove deficient performance, a defendant must demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Id*. Under this standard, a counsel's conduct must have been "completely unreasonable, not merely wrong." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010)). To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Importantly, "[a]llegations that are speculative, vague, or conclusory are insufficient to satisfy the *Strickland* standard." *Zajac v. United States*, 154 F.Supp.3d 1230, 1236 (D. Utah Dec. 16, 2015), *aff'd*, 680 F. App'x 776 (10th Cir. 2017) (citation omitted).

### a.   Failure to Argue Against Application of USSG §2D1.1(b)(12) Enhancement

Defendant argues his counsel was ineffective for failing to argue against the sentencing enhancement for maintaining a premises for the purposes of manufacturing or distributing a controlled substance. *See* USSG §2D1.1(b)(12). This enhancement "includ[es] storage of a controlled substance for the purpose of distribution." *See* USSG §2D1.1(b)(12), cmt. n.17.

The Court finds that, based on the support in the record for the §2D1.1(b)(12) enhancement, Defendant has not shown that his counsel's failure to argue against the

4

enhancement was "completely unreasonable." *See Byrd*, 645 F.3d at 1168. The pre-sentence report provided that agents made a controlled delivery of methamphetamine to Defendant's residence, which was accepted by Defendant and brought inside the home [Doc. No. 75, at ¶¶ 17-18]. The report further details that agents then searched the home, located the delivered methamphetamine, $6,000.00, a .22 caliber pistol, and four additional bags of methamphetamine [Doc. No. 75, at ¶ 19]. The Court reiterated these facts at sentencing [Doc. No. 94, at 13]. Based on the record, Defendant has not established that it was unreasonable for his counsel to not raise an objection to the application of the enhancement under USSG §2D1.1(b)(12).

Additionally, Defendant cannot show prejudice with respect to the two-level enhancement where the Court ultimately varied downward to the range of imprisonment that would have been applicable if the parties' stipulated drug quantity were accepted. The Court's downward variance substantially decreased Defendant's sentencing range from 262 – 327 months to 168 – 210 months. Even if Defendant's counsel was deficient in failing to argue against the §2D1.1(b)(12) enhancement, Defendant has not shown prejudice where the 180-month sentence imposed by the Court is significantly less than the sentencing range properly calculated in the pre-sentence report. Notably, had the Court accepted the parties' stipulations as to drug quantity and firearm possession, but declined to apply the two-level enhancement under §2D1.1(b)(12), Defendant's sentence still would have fallen within the guideline range of 151-188 months. Accordingly, Defendant's ineffective assistance of counsel argument fails with respect to his counsel's failure to argue against the application of USSG §2D1.1(b)(12).

### b.  Failure to Argue Against Application of USSG §2D1.1(b)(1)

Defendant also argues ineffective assistance of counsel for his counsel's alleged failure to argue against the application of USSG §2D1.1(b)(1), a sentencing enhancement for possession of a dangerous weapon, to include a firearm.

Defendant's argument is not supported by the record. Although the parties stipulated to the possession of the .22 caliber pistol for sentencing purposes [Doc. No. 64, at 7], Defendant's counsel nevertheless objected to the enhancement at sentencing and argued that the firearm was owned by Defendant's family member [Doc. No. 94, at 6-7]. Because Defendant's counsel argued against the application of the firearm possession enhancement at sentencing, Defendant cannot establish that his counsel's conduct fell below an objective standard of reasonableness to establish ineffective assistance under *Strickland*. *See Strickland*, 466 U.S. at 669.

Further, even if Defendant's counsel had not objected to the §2D1.1(b)(1) enhancement, Defendant has not shown prejudice under the circumstances. The Court's application of the §2D1.1(b)(1) enhancement was supported by the record. At sentencing, the Court emphasized that the parties' plea agreement contained stipulations for a lesser drug quantity than what was calculated in, and supported by, the pre-sentence report, and for the application of the firearm enhancement. As noted by the Government, the parties' stipulation as to the drug quantity greatly outweighed any impact of applying the §2D1.1(b)(1) enhancement. Here, there is no prejudice where the parties stipulated to the §2D1.1(b)(1) enhancement and the Court found, regardless of the stipulation, that such an enhancement was supported by the record [Doc. No. 94, at 12:23 – 13:7] ("Here the Court

6

agrees with and adopts the response of the report writer and particularly notes that the firearm was in close proximity to drugs that were prepared for distribution. … So even without considering the stipulation, I believe the Application Note 11(a) of [USSG §] 2D1.1 supports the report writer's conclusion and the enhancement."). Accordingly, Defendant's argument related to his counsel's alleged failure to argue against the application of the §2D1.1(b)(1) enhancement fails under both prongs of *Strickland*.

### c. Failure to Timely Object to the Pre-Sentence Report

Additionally, Defendant argues ineffective assistance of counsel for his counsel's failure to timely object to the pre-sentence report. This argument fails under *Strickland* because 1) Defendant's counsel was granted additional time to file objections, which he did so according to the Court's revised deadline [Doc. Nos. 73, 74]; and 2) the Court considered Defendant's objections at sentencing, rendering no prejudice to Defendant. For these reasons, Defendant's ineffective assistance of counsel claim fails on this point.

### d. Prejudice to Defendant

In ground four of Defendant's § 2255 motion, Defendant merely states that he was prejudiced by counsel's deficiencies. For the reasons addressed in each of the three previous sections, Defendant has not shown any prejudice related to his counsel's allegedly deficient conduct. Without additional specific allegations, Defendant's fourth argument fails. *See Zajac*, 154 F.Supp.3d at 1236 ("Allegations that are speculative, vague, or conclusory are insufficient to satisfy the *Strickland* standard."); *see also Byrd*, 645 F.3d at 1168 ("[M]ere speculation is not sufficient to satisfy [the defendant's] burden.").

## CONCLUSION

Accordingly, Defendant's § 2255 motion is denied. Under § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." An evidentiary hearing is not required where the "case record conclusively shows the prisoner is entitled to no relief." *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). Under the applicable standard, an evidentiary hearing is not required here.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case, and a COA should be denied.

**IT IS THERFORE ORDERED** that Defendant's Motion to Vacate Under 28 U.S.C. § 2255 and Brief in Support [Doc. Nos. 90, 91] is **DENIED**. Further, a COA is **DENIED**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 4th  day of December, 2023.


_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge